## Rogers *against* Hall.

The least degree of concert or collusion between parties to an illegal trans-action makes the act of one the act of all ; and the acts and declarations of one may be given in evidence to affect the others.

A judgment will not be reversed because of a misdirection to the jury on a point which was not raised by the evidence.

In the absence of proof to the contrary, the presumption of law is in favour of the fairness of a transfer ; but when circumstances demonstrative of fraud are proved respecting it, though not conclusive, they impose on the transferee the necessity of elucidation with regard to the consideration.

A defence in ejectment predicated upon the plea of a purchase for value without notice of a fraud, must be sustained by other evidence than a mere conveyance from the party charged with the fraud.

ERROR to the common pleas of *Erie* county.

This was an action of ejectment by William Hall against David W. Rogers and Levi Farnum, for a lot in the town of Wattsburg. Both parties claimed under Charles G. Merrill. The plaintiff gave in evidence a judgment of William Hall against Charles G. Merrill, entered the 27th of March 1827, upon which executions were issued, and the lot in controversy levied and sold to the plaintiff, and con-veyed by deed from the sheriff dated the 8th of April 1830. The defence was made upon the title of Robert Sedgwick, to support which the defendant gave in evidence a deed, dated the 25th of October 1826, from Charles G. Merrill to George W. Pomroy of New York, for the consideration of 2000 dollars ; and a deed from George W. Pomroy to Robert Sedgwick of New York, dated the 28th of November 1828.

The plaintiff then proposed to prove that this conveyance of Charles G. Merrill to George W. Pomroy was fraudulent, and for the purpose of defrauding creditors. The first witness called said he was present at the execution of the deed ; that it was done in the office of D. C. Barrett, Esq., at night; that no money was paid, and Pomroy was not present ; that Barrett acted as his agent. The plaintiff then gave in evidence the books of Merrill, in which a large amount of debts appeared to be due to him ; also judgments and a mortgage; all of which were assigned by Merrill to Pomroy on the 24th and 26th of October 1826. They also gave in evidence a power of attorney from Pomroy to D. C. Barrett, Esq., dated the 18th of October 1826, acknowledged in New York on the 23d of November 1826, which gave authority to the attorney to collect debts due to Pomroy as assignee of Merrill, and to lease or sell the lot in question. Merrill ran off. When Merrill's goods were sold by the sheriff, some of them were purchased in by a person for Merrill,

and with his money. The defendant offered to prove .that these goods afterwards came to the possession of Barrett, as the attorney of Pomroy. This evidence was objected to on the ground that Barrett had no authority from Pomroy to receive the goods or make any disposition of them ; but the court (Shippen, president) received the evidence, and sealed a bill of exceptions.

The defendants then offered to prove that the books of Merrill exhibited large debts due to him, which were not recoverable ; that many of them had been sued and were not recovered ; that the agent of Pomroy did pay 37 dollars of costs in suits brought on those accounts, in which nothing was recovered. This evidence was objected to and rejected by the court on the ground that it did not tend to rebut the allegation of fraud ; but only to show that if there were fraud, it was not so profitable; and because there was no offer to show what debts were due by Merrill to Pomroy which were the consideration of the assignment.

The defendants requested the court to charge the jury upon the following points :

1. That both parties claiming through Merrill, and the deed from Merrill to Pomroy having been executed prior to the judgment of Hall *v.* Merrill, the defendants have a better title; unless that deed was made with a view to defraud creditors, and *this was known* to Pomroy : all of which must be proved by the plaintiff, and is not to be presumed without good evidence.

2. That every sale and transfer is to be presumed fair until the contrary is proved ; and that where, as in this case, a deed purports to have been made for a valuable consideration, it is to be presumed true, till a want of consideration is established by proof.

3. That a man in insolvent circumstances has a right to prefer creditors, paying some of them their whole demand and others nothing, which payments may be made either in lands, assignments of debts, or cash ; or he may sell all or any part of his property for a sufficient consideration, and the sale will be good against his creditors.

4. That there is no evidence of any fraud in this case on the part of Pomroy, or that he had a knowledge of any on the part of Merrill.

5. That if there was fraud between Merrill and Pomroy, it cannot affect the title of Robert Sedgwick, who, for aught that appears, was an innocent purchaser for a valuable consideration without notice of the fraud.

Errors assigned.

1. The court below erred in admitting the testimony as to the acts of D. C. Barrett ; and in admitting the written order of said Barrett, directed to Rouse, Tracy and Wilcox.

2. The court erred in rejecting the testimony offered to show that the real amount due to Merrill, on the books of account assigned by him to Pomroy, and given in evidence by plaintiff, was much less than appeared on the face of said books.

3. The court erred in not answering defendants' second point unconditionally in the affirmative.

4. The court erred in not answering defendant's third point in the affirmative.

5. The court erred in charging the jury that it was incumbent on defendants to have shown what amount of debt was due from Merrill to Pomroy, at the time of the assignment, and the true and exact amount of the consideration for the assignment by Merrill to Pomroy.

6. The court erred in not answering defendant's fifth point in the affirmative.

*Babbit,* for plaintiff in error.
*Riddle,* for defendant in error.

The opinion of the Court was delivered by

GIBSON, C. J.—Did the effect of Barrett's acts on the interest of Pomroy depend on the terms of the power of attorney, restricted as they are to the recovery of the assigned debts and the selling or leasing of the land, there would be more than a doubt that the circumstances of his agency in respect to the furniture bought in for Merrill ought not to prejudice the defendant's title. But Barrett was, if not the projector, certainly the manager of the fraud, and also the artificer of the very title under which the actual defendant claims. Now the least degree of concert or collusion between parties to an illegal transaction makes the act of one the act of all; and here it is proved that Barrett concocted the conveyance, not in the usual course of a scrivener mutually called in by the parties, but in the absence of the grantee, without payment of any visible consideration, and in the night when the grantee fled from his creditors. Surely this was enough in the first instance to entitle the proof to go to the jury.

The evidence to show the amount realized from the books, was properly rejected. The inference of fraud arose from the generality of the assignment and the absence of circumstances explanatory of the consideration; and not from the actual or the ostensible value of the property transferred, which could not affect either of these; it being just as necessary to show consideration for a small amount as a great one. Though the proof had been admitted, the inference from the generality of the assignment and the concealment of the consideration would have remained; consequently the proof was irrelevant.

A point raised before the jury, and made a subject of exception here, is, in substance, that fraud must be proved and not presumed; with which the direction of the judge accorded, subject to this qualification, however, that it may be proved, like any thing else, by presumptive evidence. Surely there was no error in that.

The next position assumed by the defendant is certainly true in

IV.—2 v

[Rogers v. Hall.]

the abstract ; for a failing debtor may prefer one creditor to another, and to that end assign his property or turn it into cash. It is true, too, that the judge refused to instruct in accordance with the prayer; and had there been evidence to raise the point, I am unable to see how the judgment, on the direction given, could have been supported. But the assignment contains no trust for preferred creditors ; and the great defect as to the assignee himself is, that he is not shown to have been a creditor at all. And this leads to the subject of the next assignment of error.

Though in the absence of proof to the contrary the presumption is in favour of the fairness of a transaction, yet flight and an absolute general assignment are in themselves circumstances demonstrative of fraud ; and though not conclusive, they undoubtedly impose on the assignee the necessity of elucidation. He is the most cognizant of the transaction and best able to explain it; and why should the business of explanation be laid on the creditors placed by him in the dark though entitled to light? The question is on the existence of a valuable consideration ; and it would be against a fundamental rule of evidence to burthen them with the necessity of producing negative proof. The policy of handling these transactions with little attention to tenderness, is obvious and uncompromising. They are ulcers of frequent occurrence in practice, which require to be thoroughly probed, and, if necessary, laid open to the bone ; and on him be the consequences, who withholds the means of doing so.

But the defendant claims to hold discharged of the fraud, if such there were, by having, as he alleges, purchased without notice of it. A decision of the question of notice is uncalled for by the circumstances, and we give none. There was neither proof of valuable consideration nor the semblance of it ; and nothing is clearer than that a plea of purchase for value, must be sustained by other evidence than the conveyance. Even the receipt of the debtor is not proof against his creditor claiming paramount to the debtor's grantee, inasmuch as his fraudulent conveyance is no conveyance at all against the interest intended to be defrauded. His receipt or other acknowledgement of payment, therefore, is the act of a grantor done subsequently to a title derived from him, which, consequently, may not be prejudiced by it. Now the defendant produced nothing but the conveyance, with whatever collateral evidences of payment may have been embodied in it or appended to it; and these fell far short of proof of actual payment; for, giving a security for the purchase money, which in practice is often the consideration for a receipt at the foot of the conveyance, is not enough to entitle him to the character of a purchaser for valuable consideration, and the court properly rejected the prayer for protection on that ground.

Judgment affirmed.