# Redfield and Rice Manufacturing Company *versus* Dysart.

1. R. sued J. On the day arbitrators were chosen in the suit J. transferred all his store goods to his brother D. by bill of sale under seal; a money consideration was stated in it, but there was no other evidence of the payment; D. went into possession. R. obtained judgment and levied on the goods sold. In an issue under an interpleader, the burden of showing bona fides and a valuable consideration was on the vendee.

2. It was incumbent on the vendee to remove all doubt of fairness, even if possession accompanied the transfer.

3. Where there is proof, however slight, of fraud in a sale, the burthen of proving payment is on the vendee; which must be established by other evidence than the receipt of the deed.

[Redfield and Rice Manufacturing Co. *v.* Dysart.]

4. The sale of all a vendor's goods pending a suit against him is a mark of fraud.

5. As against creditors, the receipt in a deed is but hearsay, and is not evidence.

May 5th 1869.    Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Lancaster county :* No. 59, to May Term 1869.

This was an issue under the Sheriff's Interpleader Act, in which Robert M. Dysart was claimant and plaintiff, and the Redfield and Rice Manufacturing Company were defendants. It was entered February 14th 1867, to try the ownership of goods levied upon, under the execution of the company, as the property of James P. Dysart. The foundation of the claimant's title was the following bill of sale:

" Know all men by these presents, that I, James P. Dysart, &c., in consideration of the sum of $2500, to me in hand paid by Robert M. Dysart, at and before the ensealing and delivering of these presents, the receipt whereof I do hereby acknowledge, have bargained, sold, &c., unto the said Robert M. Dysart, all the goods, wares and merchandise, fixtures and good-will, mentioned and expressed in the schedule hereunto annexed, now contained and remaining in the store-room lately occupied by me on West King street, in the city of Lancaster, to have and to hold all and singular the said goods and chattels, &c., by these presents bargained, sold, released, granted and confirmed unto the said Robert M. Dysart, to his own proper use and behoof, &c.,

" In witness whereof I have hereunto set my hand and seal, this nineteenth day of November, A. D. 1866.

                          " JAMES P. DYSART.  [SEAL.]

" Signed, sealed and delivered in the presence of

  " EML. H. GAST,

  " M. H. LOCHER."

The schedule annexed to the bill of sale was a list of a number of items consisting of watches, jewelry, &c., and good-will, with a value affixed to each item, amounting in the whole to $2500.

On the trial before Hayes, J., the plaintiff called Gast, one of the subscribing witnesses, who testified that he saw J. P. Dysart and the other witness sign the paper at the time of its date in Dysart's store. No person was present but the Dysarts and the witnesses.

The plaintiff then offered the bill of sale in evidence; it was objected to by defendants, admitted, and a bill of exceptions sealed.

The witness further testified that he had afterwards seen James

[Redfield and Rice Manufacturing Co. *v.* Dysart.]

in the store, but never saw him working; the plaintiff afterwards had charge of the store, and was working in it. On cross-examination, he said no money was paid when the paper was executed. The plaintiff gave evidence of his payment of rent for the storehouse; of his having changed the sign, &c.; having advertised the next day after the sale, in his own name, as "successor of James P. Dysart;" and having sold the store in June 1867, as his own, and rested.

The defendants gave in evidence the record of a suit by them against J. P. Dysart, No. 135, to November Term 1866, in which a rule of reference was taken out, and arbitrators chosen November 19th 1866, the defendants not appearing to make choice. The arbitrators, December 4th 1866, awarded in favor of the Redfield and Rice Manufacturing Company for $238.32: on this award judgment was entered; the goods in dispute were seized under the execution on this judgment.

The defendants asked the court to charge:

1. That to enable the plaintiff to support the issue upon his part, it is necessary to show by clear and convincing testimony, that the alleged sale from James P. Dysart to himself was bonâ fide, and for a valuable consideration.

2. As the plaintiff has not shown that he paid any moneys to James P. Dysart at the time the bill of sale was executed or at any other time, the whole transaction, in the eye of the law, is a fraud upon creditors, and the defendants are entitled to a verdict.

The court charged: "This bill of sale is in due form, under seal, and regularly executed by James P. Dysart, with a schedule of the property and the possession following or accompanying the same; the evidence being that, after this transaction, James P. Dysart no longer paid any attention to the business—and that Robert M. Dysart thenceforth took charge of the stock and store as owner, and carried on the same until he sold out to Charles Gillespie, on the 10th of June 1867. But the defendants object to this alleged sale, that it was without any consideration; that it was not a bonâ fide transaction, and that it was fraudulent and void.

"These parties were brothers; were in the store together up to the time of the alleged sale; no money was paid at that time, as is testified to by Emanuel Gast—at least, he who was a subscribing witness, saw none paid either then or at any other time. The bill of sale, which is under seal, sets forth the consideration of the sale as $2500. And the plaintiff has produced it in evidence in support of his claim. The state of the case and the issue require the plaintiff to show that this property levied upon under the defendants' execution, was in him at the time of the levy; and as he claims it by virtue of the contract set forth in the bill of sale, it was incumbent on him to show that the contract was founded

upon a valuable consideration; in other words, that he paid for this property, or compensated his brother in some way for it; that it was a real, fair, bonâ fide sale, and not a mere paper transaction.  If he has satisfied you by the evidence given on this trial that it was an honest, bonâ fide sale for a valuable consideration, then the property passed and became his property on the 19th of November 1866, and the defendants had no right to levy their execution against James P. Dysart on it in January ensuing; in that case you should find in favor of the plaintiff.

" But if you believe there was no consideration for the sale; that it was only meant to cover the property of James P. Dysart from the claims of his creditors, the contract would in that view of it be fraudulent and void; the property would remain as before, liable to those claims, the result would be that this levy by the sheriff, under the defendants' execution, was good and well made, and they should be allowed to realize the fruits of their judgment.  In such a case your verdict should be for the defendants."

The verdict was for the plaintiff.  The defendants took a writ of error, and, in several specifications, assigned the charge for error.  They also assigned for error that the court did not answer their points.

*J. Landis*, for plaintiffs in error.—Fraud may be proved by circumstances—one of which in this case would be that there was no proof of payment of the purchase-money: Kaine v. Weigley, 10 Harris 179; Clark v. Depew, 1 Casey 509; Zerbe v. Miller, 4 Harris 497; Streeper v. Eckart, 2 Wharton 302.

*S. H. Reynolds*, for defendant in error.—The bill of sale is primâ facie evidence of title: Dewart v. Clement, 12 Wright 413.  All the facts were for the jury: Dunlap v. Bournonville, 2 Casey 72.

The opinion of the court was delivered, October 19th 1869, by
WILLIAMS, J.—This was an issue, under the Sheriff's Interpleader Act, to determine whether or not the goods levied on by the sheriff of Lancaster county under an execution at the suit of the Redfield & Rice Manufacturing Company against James P. Dysart, on the 19th of January 1867, belonged to Robert M. Dysart, the claimant, at the time they were seized by the sheriff. The only question presented for consideration by the assignments of error is, was the evidence given by the claimant sufficient to justify the court in submitting the question of his ownership of the goods to the jury for their determination?  To show title in himself, he gave in evidence a bill or deed of sale executed by James P. Dysart, on the 19th of November 1867, in the body of

12 P. F. SMITH—5

which the payment of the consideration is recited, and its receipt acknowledged, and followed it by evidence of his possession of the goods from the date of the sale until their seizure by the sheriff. This was the only evidence of the contract of sale and of the consideration on which it was founded. If under the circumstances it was sufficient to justify the jury in finding that the sale was made in good faith and for a valuable consideration, the court properly submitted the question to the jury; but if it was not, the court erred in not instructing the jury, as requested by the defendant below, that as the plaintiff has not shown that he paid any moneys to James P. Dysart at the time the bill of sale was executed, or at any other time, the transaction is to be regarded as fraudulent in law and void as against the vendor's creditors.

The contest was between the execution-creditor of the vendor and his vendee under a sale which was alleged to have been made before the issuing of the execution, but which was charged to have been collusively and fraudulently made for the purpose of hindering and delaying the creditor. Under the issue the burthen of showing that the sale was honestly made, and that it was founded on a valuable consideration, was clearly on the plaintiff. It was incumbent on him, as ruled in Streeper *v.* Eckart, 2 Whart. 302, to remove all doubt as to the fairness of the transaction, even if possession accompanied the transfer. Was then the recital of the payment of the consideration, and the acknowledgment of its receipt in the bill of sale, sufficient to establish the fairness of the sale, and to show that was made with an honest intent and for a valuable consideration paid by the vendee? If the price was not paid as recited and acknowledged in the bill or deed of sale, then the transaction was a mere sham and contrivance to cover up and conceal the vendor's property from his creditors. Proof of the payment of the consideration was, therefore, an essential requisite in order to show the honesty and fairness of the transaction. And the question recurs, was the mere recital of the payment of the consideration, and the acknowledgment of its receipt by the vendor in the deed of sale, sufficient proof of the fact of payment under the circumstances attending the sale? The rule is well settled that where there is proof, however slight, of fraud, the burthen of proving payment is thrown on the vendee, and other evidence than the receipt to the deed is necessary to establish the payment of the purchase-money: Rogers *v.* Hall, 4 Watts 359; Bellas *v.* McCarty, 10 Id. 29; Lewis *v.* Bradford, Id. 82; Bolton *v.* Johns, 5 Barr 151; Wilson *v.* Howser, 2 Jones 116; Zerbe *v.* Miller, 4 Harris 497; Henry *v.* Raiman, 1 Casey 360; Lloyd *v.* Lynch, 4 Id. 419. Were there then any circumstances in this case indicative of fraud or collusion which tended to throw doubt upon the honesty and fairness of the transaction? It purported to be a sale of all the goods, wares and merchandise in the

[Redfield and Rice Manufacturing Co. *v.* Dysart.]

store occupied by the vendor including the fixtures and good-will. It was made to his brother after suit brought against him by the plaintiff in error; and it was made on the day that the arbitrators were chosen on whose award the execution issued upon which the levy was made out of which this controversy arises. In Twyne's Case, 3 Coke R. 80, it was resolved that the transfer of all a man's goods during the pendency of a suit against him is a mark of fraud, and the doctrine was recognised and approved by this court in Babb *v.* Clemson, 10 S. & R. 424, and Streeper *v.* Eckart, *ubi supra.* If this be the law—and the ruling has never been questioned—it was incumbent on the plaintiff to prove the payment of the consideration by other evidence than the recital of its payment, and the acknowledgment of its receipt in the deed of sale. Even if the acknowledgment of the receipt of the consideration was primâ facie evidence of its payment; it was rebutted by the testimony of the subscribing witness that no money was paid by the plaintiff at the execution of the bill of sale, or at any other time, so far as he knew. As was said by Black, C. J., in Kaine *v.* Weigley, 10 Harris 184, "If the consideration mentioned in the deed was not paid at the time the deed was delivered, it became the duty of the plaintiff to show that it was paid afterwards; that it was agreed upon with no intent to hinder, delay or defraud creditors."

As between the vendor and vendee the receipt is undoubtedly evidence, but it is not conclusive as between them, and may be rebutted as ruled in Hamilton *v.* McGuire, 3 S. & R. 355. As against the vendor's creditors it is no evidence of the fact of payment. It is nothing but hearsay. The court below, therefore, erred in submitting the question of the payment of the consideration to the jury, and in not instructing them that as the plaintiff had not shown that he had paid the alleged consideration, the sale must be regarded as fraudulent in law, and void as against the vendor's creditors.

Judgment reversed and a *venire facias de novo* awarded.