The answer admitted in the main the material allegations contained in the bill, but denied that the said Mary E. Jones sold and bought the said lands by and with the consent of her husband, the said George R. Jones, alleged in it, or that she purchased with money derived from the sale of her own real estate, the said house and lot. On the contrary, it is alleged that George R. Jones sold the said lands and conveyed them by deed to William Graham, receiving the purchase-money therefor in his own name, and with his own money purchased the said house and lot of the said Jacob Knowles, and that the deed from him for them was made to his wife, with the intent to defraud the said Nathaniel Williams, his judgment creditor, out of nine *Page 441 
hundred and seventy-five dollars. That he had no other levy-able property, and that the said Samuel J. Morgan, the devisor of the appellee, took said house and lot with knowledge of such fraud and the intention of Williams to proceed against the same to sell them oh his judgment.
The decree of the chancellor ad litem was that the injunction theretofore awarded in the cause be made perpetual, and that the defendants pay the costs in three months, or attachment, for the following reasons: That a court of chancery has the same power to prevent as to remove a cloud upon title; that the burden of proof of showing the fraud alleged against the complainant and her husband rested on the respondents, but they had utterly failed to cast the slightest suspicion upon the good faith of the transaction; that all the testimony in the case showed that Mrs. Jones had never given to her husband the proceeds of her lands which were sold, but had always considered them as belonging to herself, and that he was only a trustee of them for her, and the principle is well settled that though the funds received for the wife's lands passes into the hands of the husband, yet if it is accompanied by the agreement that he will compensate therefor, as, for instance, that he will purchase for her other lands in place of the lands sold, and if this agreement is sufficiently established in evidence, a court of equity will enforce the agreement; and as the lands of the wife were not liable for the debts of the husband, so the fund arising from the sale thereof is not subject to the claims of his creditors. 1 Bish. on Mar. Women, 606. That no knowledge was brought home to Mrs. Morgan of the fact, if it was a fact in the case, that the husband of Mrs. Jones had contributed any portion of the purchase-money paid for the house and lot in question, or that he had any secret interest whatever therein, she was therefore entitled to be protected in a court of equity against the demand of the respondents, upon the maximpotior est conditio posidentis.
 Davis for the appellants. The appellants contend that George R. Jones bought and paid for the premises in question, and had the same deeded to his wife with intent to defraud his creditors, *Page 442 
and that the deed is consequently void as against them. They also contend that Samuel J. Morgan, who bought them and afterwards devised them to Julia F. Morgan, took them with notice of the fraud and of the intention of Nathaniel Williams, the principal appellant, to proceed against the same to collect his judgment against George R. Jones out of them.
The bill should have been dismissed in the court below because the complainant had adequate remedy in a court of law against the judgment and execution in this case from which she seeks relief, if, upon the showing here made, she was entitled to it. Freeman v. Elendorf, 3 N. J. Chy., 475, 655; Reeson's Admr. v. Elliott's Exrs., 1 Del. Chy., 368; Hall v. Greenley, 1 Ibid., 274; Hill on Injunc, §§ 135, 152, 256, 263. The testimony in the case furnishes evidence of the fraud charged in the answer, notwithstanding the court below found to the contrary, which was an error fatal to the decree. Bump on Fraudulent Conveyances, 63; Kibby v. Ingersoll, 1 Harr.; Mich. Chy., 172; Kibby v. Godwin, 2 Del. Chy., 61, 206, 320; Newalls v. Morgan, 2 Harr., 225; Williamson v. Brown,15 N. Y., 354; Baker v. Bliss, 39 N. Y., 70; McKibbin v. Martin,64 Pa., 352; Rogers v. Hall, 4 Watts, 359. A wife's personal property, when it comes into the possession of her husband by virtue of his marital rights, becomes his absolutely, and is liable for his debts. 2 Kent's Com., 141; Bryan v. Spurrill, 4 Jones N. C. Eq., 27; Craig v. Thatcher, 2 Del. Chy., 320; Babb's Exr. v. Elliott, 4 Harr., 466; Plummer v. Jarman, 44 Md., 632; Kilby v. Godwin, 2 Del. Chy., 61, 102. The court below also erred in holding that the evidence showed that Mrs. Jones's separate property was of sufficient value to purchase the premises in question, and in admitting the testimony of her husband and herself in her favor in the hearing of the case, and also in not holding and deciding that where the wife takes the deed, and there is an allegation of fraud against it, as there is in this case, the burden of proof is on the complainant to show that the transaction was fair and bona fide. Hawkins v. Alston, 4 Ire., 137; Loyd v. Williams, 21 Pa., 327; Dick v. Grissam, 1 Freem. Min. Chy., 428; Harton v. Davey, 21 Law Regr., 203. *Page 443 
 Moore for the respondent. If all of Mrs. Jones's real estate inherited from her father had been sold by her husband, George R. Jones, by her direction for a special purpose of hers, even before the passage of the married women act of 1865, and even if he had taken the deed in his own name for the land which he afterwards purchased and paid for with the proceeds of the sale of her lands so sold by her direction, the court of chancery would have held that it constituted a clear case of a resulting trust, and that he could only hold it as her trustee and for her benefit, and would have promptly enjoined any judgment-creditor who attempted to seize and sell it on any execution process for the payment of his debts. But with the exception of one tract, it appears from the evidence in the case that all her lands were so sold by him subsequent to the passage of that act, and under the provisions of which this estate of hers was exempted by positive law, as well as the principle of equity referred to, from liability for his debts, and which now only makes the case still stronger before this court. But a court of chancery will protect for her benefit the estate of a wife, both real and personal, whether acquired by deed, devise, inheritance or gift in her own right, against both her husband and his creditors, whenever and wherever it has been kept separate and distinct from the husband's estate. In this case the husband of Mrs. Jones never sold a particle of his wife's property, real or personal, without her consent and direction and as her agent and trustee, and not only the proceeds of the sale of her real estate and the seven or eight hundred dollars received by her husband from her guardian, and with which he paid for the house and lot in question, but the same, in consideration of that fact, by her order and direction, was sold and conveyed to her in her own name solely and for her sole use and benefit in fee simple.
There is no proof that more than one of the tracts of land inherited by Mrs. Jones from the estate of her father was sold before the passage of the act of 1865, and it is incumbent on the appellant to show to the satisfaction of the court that it was all sold prior to its passage, to take it out of the operation of it. But what semblance even of fraud is shown in this case against *Page 444 
the wife herself, who did nothing more than she had a perfect right to do throughout the whole transaction, and from whom the respondent traces a good and unencumbered title, both in law and equity, to the premises in question?
Davis, in reply on the first point made by the opposing counsel, cited Wiser's Appeal, Pa. S. C. Leg. Intelr., July 22, 1881; H gh on Injunc, § 120; 54 Mo., 577.
Mary E. Jones, the wife of George R. Jones, inherited from her father William Jones, as one of his heirs-at-law, certain real estate in Sussex County, which her husband sold for her and with the proceeds of the sale purchased a house and lot in Concord, which is the subject-matter of controversy in this case, the house and lot being purchased of Jacob Knowles and wife and by them conveyed to Mary E. Jones by and bearing date January 3, 1868. And on the 30th day of September, 1868, the same year, she sold and conveyed the same to Samuel J. Morgan. The complainant as devisee of Samuel J. Morgan now holds the said house and lot and is in possession thereof, claiming title under the last will and testament of her husband, Samuel J. Morgan, deceased.
Previous to the sale by Mary E. Jones, and conveyance by her and her husband, to Samuel J. Morgan, the defendant below, Nathaniel Williams recovered by confession, a judgment against George R. Jones in the Superior Court in and for Sussex County to the October term 1867 for the real debt of nine hundred and seventy-five dollars, with interest from the 2d day of July, 1866, not however for any debt of Mary E. Jones created either before or after her marriage with the said George R. Jones. On this judgment execution was issued and levied on the house and lot in question and the execution stayed by injunction.
This is substantially the complainant's statement of her ease, upon which she prayed relief in the Court of Chancery.
The appellant, defendant below, denies the material fact alleged by the complainant in her bill, and the one, it may be said, on which *Page 445 
the case mainly turns, that is, that the house and lot purchased and paid for with her money, and the proceeds of the sale of her real estate which she inherited from her father; but the defendant, avers that it was paid for by her husband George R. Jones as his own property, "but to defraud him, the defendant, and cause him to lose the sum of nine hundred and seventy-five dollars justly due him by the judgment bond of him, the said George R. Jones, he, the said George R. Jones, caused the deed to be made by the said Jacob Knowles and wife, to Mary E. Jones his wife." The material allegation of the complaint being denied by the answer of the defendant, we must examine and consider the evidence and from that determine whether it sustains the statement of the complainant or that of the defendant. William' Graham a witness examined by both parties, says: "I bought three pieces of the lands in which Mary E. Jones, wife of George R. Jones, was intrusted as an heir-at-law of her father, William Jones deceased, I bargained for said lands with George R. Jones, and also talked the matter over with him in the presence of his wife and talked with her about the matter; she knew all about the matter and was satisfied with the price which I was to pay for the lands. I knew I was buying the lands of Mary E. Jones at the time."
In his answer to the sixth cross-interrogatory, he says: "I did purchase lands of George R. Jones, which belonged to his wife, and which he sold by her direction. He explains more fully all the particulars of the transaction.
Jacob Knowles another witness examined by both parties and the person from whom the house and lot was purchased, says in his deposition: "I have no doubt the property, meaning the house and lot, was entirely paid for out of the proceeds of the sale of the wife's property, as I took securities of them in payment for said property, which I know to have been given for portions of her land sold by her consent, advice and direction. Jones transferred to me Graham's note, bond and mortgage and a note of John H. Spicer.
In addition to the evidence to which I have already adverted is that of George R. Jones and Mary E. Jones, his wife, which *Page 446 
is in evidence under an agreement of the subscribers, and a release properly and legally executed by Julia F. Morgan to George R. Jones and Mary E. Jones his wife. The defendant's evidence is but little, if any more, than confirmatory of the complainant's. He offered none, except that of William Graham and Jacob Knowles, two witnesses examined by and on the part of the complainant to which I have just referred.
By all the evidence, and I think without that of Jones and wife, the answer of the defendant is entirely overborne, according to the rules of evidence and the principles applicable to such cases in courts of equity. On what principle of equity, therefore, can it be claimed, that the wife's property should be taken from her for the payment of her husband's debts? The defendant avers that the transaction was a fraudulent one, designed to deprive him of his just debt against George R. Jones; but he fails to establish his allegation of fraud as he was bound to do, the onus probandi being on him, and therefore his defence falls.
The evidence clearly shows that Mrs. Jones never intended to allow her property to pass into the possession of her husband in such wise as to become his; but carefully guarded against relinquishing her right thereto, considering her husband in all these business transactions, in the light of a mere agent or trustee for her.
Though the proceeds of the sale of the wife's property, or other funds, pass into the hands and possession of her husband, if there be an understanding and agreement between them, as in this case, that he will compensate her, be accountable to her, or purchase other property for her and in her name, such an agreement would be enforced in a court of equity, the husband having no interest, right or title by a mere naked possession, and that under an agreement that the property or funds should be held for, used or invested for the wife for her sole use and. benefit. The rights and interest of the wife in such case will be guarded and protected by a court of equity. 1 Bishop on Married Women, § 606.
The defendant having failed to establish the fraud alleged by him in his answer; and it appearing most conclusively from the *Page 447 
evidence that there was an understanding and agreement between Jones and his wife, that the proceeds of the sale of her real estate should be invested in other real estate for her and in her own name, and the agreement having been carried out,
The court is therefore of the opinion that the decree of the chancellor ad litim ought to be, and the same is hereby affirmed, making the injunction which was issued on the order of the chancellor perpetual.
And it is further ordered, adjudged and decreed by the court that the defendant pay the costs in three months or attachment issue.