## Commonwealth v. Taylor

*Vram Nedurian,* Assistant District Attorney, for Commonwealth.

*Frank J. Marcone,* for defendant.

BLOOM, J., April 21, 1966. — This matter comes before the court on motions by defendant, Edward C. Taylor, for arrest of judgment and a new trial.

Defendant was convicted on two separate bills of indictment of receiving stolen goods and conspiracy after jury trial. A codefendant, George W. Calvert, entered pleas of guilty during the course of the trial to both charges.

The evidence of the Commonwealth disclosed that during the morning of August 1, 1965, forcible entry was made of an Esso Service Station at Eagle and Hillcrest Roads, Havertown, Pa., and some 63 Pennsylvania State inspection stickers bearing the station number 549 taken. Thereafter, on August 19, 1965, two parked vehicles were observed by Newtown Township Police bearing stolen inspection stickers. One automobile was owned by defendant, Edward C. Taylor, and the other by George W. Calvert. The stickers were identified as two of those taken on August 1, 1965, from the service station in Havertown, although attempt had been made to alter the number on the sticker affixed to the Calvert car.

It is urged that the conviction for receiving stolen goods may not stand, inasmuch as defendant had pleaded guilty to violation of the Act of April 29, 1959, P. L. 58, sec. 819 (f), 75 PS §819 (f), a summary offense. That act provides, in part:

"It shall be unlawful for any person to have in his possession any certificate of inspection and approval with knowledge that such certificate had been illegally purchased, stolen or counterfeited".

The District Attorney has conceded that the law, as interpreted by Judge Lewis in Commonwealth v. Lewandowski, 110 Pitts. L. J. 503, would preclude the prosecution for the more serious offense of which defendant was convicted and, therefore, the motion for arrest of judgment of the conviction for receiving stolen goods must be granted.

But it is clear that the conviction of the summary offense does not exclude the prosecution of a conspiracy to commit that offense: Commonwealth v. Boulos, 35 Pa. Superior Ct. 102. In examining the other grounds for defendant's motion for arrest of judgment, we are bound to consider the evidence and the inferences therefrom in the light most favorable to the Commonwealth, and if there was sufficient evidence to go to the jury, the motion cannot be sustained. In the instant case, considering the testimony of defendant alone, there was a sufficiency of evidence. Taylor learned that Calvert had acquired an inspection certificate for his car, which would otherwise not have been able to have been operated lawfully. He secured precise instructions as to how to procure the sticker. It was only then that he acquired the automobile upon which the sticker was placed. Although Taylor and Calvert had procured their stickers in separate transactions and, according to their testimony, from different individuals at different locations, it must be remembered that the test in a conspiracy case is not complete concert of action. On the contrary, it has been declared that "the least degree of concert or collusion between parties to an illegal transaction makes the act of one the act of all . . .": Commonwealth v. Cohen, 203 Pa. Superior Ct. 34, 45; Rogers v. Hall, 4 Watts 359, 361.

Further, it makes no difference that the securing of the inspection sticker brought no benefit to Calvert, for there is sufficient unity of purpose or design for conviction if it was intended by the conspirators that one should specially profit: Commonwealth v. Spillman, 74 Pa. Superior Ct. 192, 198.

There is left for consideration the various points raised in behalf of defendant in support of the motion for new trial. The conspiracy conviction is challenged on the ground that the indictment failed to charge conspiracy to obtain stolen inspection certificates, but solely a conspiracy to commit burglary and larceny. However, it would seem that the indictment is clear, for it provides in the pertinent count that defendants did conspire "to unlawfully and feloniously, buy, have or receive automobile inspection sticker(s) . . ." With regard to the date stated, August 1, 1965, the indictment was sufficiently definite to inform defendant of the nature of the charges, the proof indicating that the actual purchase took place shortly thereafter and well within the applicable statute of limitation: Commonwealth v. Jordan, 136 Pa. Superior Ct. 242, 250.

Finally, it is contended that it was error to have submitted both crimes to the jury and, further, the evidence of the burglary and larceny "improperly influenced the Jury, or confused the Jury, giving them the impression that the charges were still before them . . ." A careful review of the record does not sustain these contentions. First, the jury was carefully instructed that the indictment charging burglary and larceny had been withdrawn from their consideration. More importantly, the jury was told that the conspiracy charge was a separate and distinct offense. The charge was clear, and there is no indication that the jury failed to be guided by it. Thus, it is our conclusion that defendant's conviction of conspiracy must stand, for the evidence was not only sufficient, but also justified

the verdict of the jury. Therefore, we make the following

ORDER

And now, to wit, April 21, 1966, upon consideration of motions for new trial and in arrest of judgment filed in behalf of defendant, Edward C. Taylor, and after argument before the court en banc, it is ordered and decreed that:

1. The motion in arrest of judgment of the conviction for receiving stolen goods, December Sessions, 1965, no. 318, is hereby granted.

2. The motion in arrest of judgment of the conviction for conspiracy, December Sessions, 1965, no. 319, is hereby denied and dismissed.

3. The motion for new trial is hereby denied and dismissed.

4. Defendant shall appear in courtroom no. 5 for sentencing on Friday, April 29, 1966, at 10 a.m.

5. An exception is granted to defendant.