387 A.2d 1268

COMMONWEALTH of Pennsylvania

v.

Donald FLOWERS, Appellant.

Supreme Court of Pennsylvania.

Argued Oct. 21, 1977.

Decided June 2, 1978.

154

James F. Geddes, Jr., Wilkes-Barre, for appellant.

Patrick J. Toole, Jr., Dist. Atty., Thomas J. Glenn, Jr., Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POM-EROY, NIX, MANDERINO and PACKEL, JJ.

OPINION OF THE COURT

MANDERINO, Justice.

Appellant was charged as an accessory before the fact under the Penal Code of 1939, § 1105, *as amended,* 18 P.S. § 5105 (since repealed and replaced by the Crimes Code of 1973) for his alleged participation in the sale of marijuana in violation of the Controlled Substance, Drug, Device and Cosmetic Act of 1972, § 13(a)(30), *as amended,* 35 P.S. § 780–113(a)(30). He was convicted after a nonjury trial, and post-verdict motions challenging the sufficiency of the evidence were denied. The Superior Court affirmed the judgment of sentence, with Judge Spaeth filing a dissenting opinion in which Judge Cercone joined. We granted appellant's petition for allowance of appeal.

Appellant argues before us, as he did below, that the evidence does not establish that he committed such acts as to make him an accessory before the fact or principal in the second degree to the felony of selling a controlled substance. We agree that the evidence is insufficient to sustain the conviction, and we therefore reverse the judgment of sentence and discharge the appellant.

In order to review the sufficiency of the evidence we are required to examine the facts in the light most favorable to the prosecution as verdict winner. The record, so viewed, establishes that in October, 1972, two agents of the Pennsylvania Department of Health, Bureau of Drug Control, were conducting undercover narcotics operations in Public Square in Wilkes-Barre. Dressed casually in the manner of other young people in the area, the agents habitually loitered in the square, mingling with others who gathered there, and occasionally approached someone for drugs.

On October 6, 1972, appellant was in the Square with a female friend and her child. One of the agents approached appellant and asked him whether he had any drugs in his

possession. Appellant answered that he did not. A few minutes later a third party, George Shiner, approached appellant and his friend, and appellant then called the agent over and introduced him to Shiner, indicating that Shiner had some marijuana. The entire group drove in the agents' car to Shiner's residence, where they were joined by yet another person, John Dustin, who brought with him a supply of marijuana. Dustin passed marijuana to Shiner, who passed it to the agent; the agent passed $200 through Shiner to Dustin. Appellant was present throughout the transaction, but handled neither marijuana nor money, nor did he enter any of the negotiations or conversation related to the sale. The agents' testimony establishes no participation other than the original introduction of the agent to Shiner.

The crime of which appellant was convicted is that of being an accessory before the fact, defined as one who plans, cooperates, assists, aids, counsels or abets in the perpetration of a felony. *Commonwealth v. Leach,* 455 Pa. 448, 451, 317 A.2d 293, 294–95 (1974); *Commonwealth v. McFadden,* 448 Pa. 146, 292 A.2d 358 (1972). Appellant's mere presence during the crime did not constitute such aiding and abetting. *Commonwealth v. Finley,* 477 Pa. 382, 383 A.2d 1259 (1978); *Commonwealth v. Pierce,* 437 Pa. 266, 263 A.2d 350 (1970); *Commonwealth v. Giovanetti,* 341 Pa. 345, 19 A.2d 119 (1941). An accessory must have done something to participate in the venture. *Nye & Nissen v. United States,* 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919 (1949); *Commonwealth v. McFadden,* 448 Pa. 146, 292 A.2d 358 (1972).

In the instant case, the prosecution relied upon appellant's introduction of the agent to Shiner as a source of marijuana as the sole basis for appellant's involvement in the crime. In sustaining the conviction, both the trial court and the Superior Court reasoned that if appellant had not brought buyer and seller together the sale would not have been accomplished, and that this contribution to the chain of events was enough in itself to constitute aiding and abetting

the sale without regard to whether appellant had any connection whatsoever with either the seller or his plans. In thus taking a causative approach and applying a "but-for" test, the court expressly rejected any consideration of the intent of the parties in their commission of the acts involved.

It has long been established, however, that intent of the parties is a consideration *essential* to establishing the crime of aiding and abetting a felony. We apply not a test of causation, but a test of partnership or concert of action to determine guilt as an accessory. The test has been enunciated by this Court thusly:

"If one aids and abets in the commission of a crime, he is guilty as a principal. One is an aider and abettor in the commission of any crime, i. e., he has 'joined in its commission,' if he was *an active partner in the intent* which was the crime's basic element. Chief Justice Gibson in *Rogers v. Hall,* 4 Watts 359, said: 'The least degree of concert or collusion between parties to an illegal transaction makes the act of one the act of all.' " (Emphasis added.) *Commonwealth v. Strantz,* 328 Pa. 33, 40, 195 A. 75, 79 (1937).

More recently, we enunciated the test as follows:

"To aid or abet in the commission of a crime, one must be an *active partner in the intent* to commit it. Therefore, to convict McFadden as an aide [sic] or abettor in the killing, it was necessary for the Commonwealth to establish beyond a reasonable doubt that he was an active partner in Washington's lethal purpose." (Citations omitted.) (Emphasis added.)
*Commonwealth v. McFadden,* 448 Pa. 146, 150, 292 A.2d 358, 360 (1972).

This is the test not only in Pennsylvania; it has been the accepted rule both under the common law and under most modern statutes elsewhere. *See, e. g., Nye & Nissen v. United States,* 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919 (1949). In contrast, the causation test has been firmly rejected. The law in this regard was ably set forth by the Sixth Circuit in

an oft-cited opinion, *Morei v. United States*, 127 F.2d 827, 831 (6th Cir. 1942):

"*If the criterion for holding that one is guilty of procuring the commission of an offense, is that the offense would not have been committed except for such a person's conduct or revelation of information, it would open a vast field of offenses that have never been comprehended within the common law by aiding, abetting, inducing or procuring.* As Judge Hand remarked, in *United States v. Peoni,* supra [100 F.2d 401], 'It will be observed that all these definitions have *nothing whatever to do with the probability that the forbidden result would follow upon the accessory's conduct;* and that they all demand that he in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed. All the words used—even the most colorless, "abet"—carry an implication of *purposive attitude* towards it." (Emphasis added.)

Thus, in order to convict appellant as an accessory before the fact—one who aids and abets—it was incumbent upon the prosecution to prove beyond a reasonable doubt that he was an active partner in the intent to make this sale. We do not find sufficient evidence of such an attitude or intent in the record, or any acts by appellant from which the inference could reasonably be drawn, as our cases require, that he was such an active participant in the intent.

The uncontroverted evidence is that appellant approached neither Shiner nor the agent. The agent first approached appellant and asked him for drugs, and appellant's answer was simply that he had none. The prosecution does not contend that he offered to obtain any, or that he made any suggestions as to where or from whom it might be procured. There is no evidence that he met Shiner by design or plan, or that Shiner was any more than a passing acquaintance. The evidence establishes only that shortly after the agent's request Shiner came over to appellant and his friend, and that appellant then suggested to the agent that Shiner had

marijuana. The evidence implies more a friendly gesture of accommodation than an intent to bring about a sale, especially when viewed in light of the total absence of any allegations that appellant benefited in any way from the transaction. The evidence is that appellant did not handle either cash or marijuana, did not enter into negotiations or delivery, and was present only passively during the ride to Shiner's residence and the transaction thereafter. None of the evidence proves beyond a reasonable doubt that appellant had any interest whatsoever in whether this sale ever took place. It does no more than establish that appellant gave an item of information to someone who had actively sought such information from him. The Court in *Morei, supra,* said in similar circumstances that:

"There was no evidence that Dr. Platt planned with the other defendants or conspired directly or indirectly with them, or had any understanding with Morei to buy or sell narcotics. There was no community of scheme between him and the other defendants. They shared in no common intent or plan, nor was there any prearrangement or concert of action. Dr. Platt was paid nothing and it is not claimed that he asked for any remuneration or expected to receive anything from the claimed transaction. Accepting the facts as contended for by the prosecution—which are squarely contradicted by the defendant—the only thing Dr. Platt did was to give Beach the name of Morei as a man from whom he might secure heroin to dose horses in order to stimulate them in racing. This is not the purposive association with the venture that, under the evidence in this case, brings Dr. Platt within the compass of the crime of selling or purchasing narcotics, either as principal, aider and abettor, or accessory before the fact." *Morei v. United States, supra,* 127 F.2d at 831–32.

If appellant can be said to have assisted anyone, it was the buyer, not the seller, since the record has established that he introduced the agent to Shiner only pursuant to the agent's request for drugs. We have already established in *Commonwealth v. Simione,* 447 Pa. 473, 291 A.2d 764 (1972),

that an agent of the buyer cannot be convicted of the sale. In *Simione,* under circumstances which differ from these only in that the appellant therein actually participated in the transaction itself in addition to introducing buyer and seller, we held that where there is no evidence that appellant received any of the proceeds of the sale or was employed by the seller to promote sales he cannot be guilty of a sale.

██ Since under *Simione* it would be impossible to hold this appellant criminally responsible for the sale of marijuana, it necessarily follows that appellant cannot be held guilty as an accessory to the sale. The Penal Code, under which appellant was convicted as an accessory, read as follows:

"§ 5105. Principals in the second degree and accessories, aiders and abettors

Every principal in the second degree or accessory before the fact, to any felony at the common law or under any act of Assembly may be indicted, tried, convicted, and if no punishment is provided, may be punished in all respects as if he were the principal felon."

1939, June 24, § 1105, *as amended,* 18 P.S. § 5105. The accessory before the fact is treated in all respects as a principal to the underlying crime. The underlying crime charged in this case was a violation of § 13(a)(30) of the Controlled Substance Act, to-wit:

"§ 780–113. Prohibited acts; penalties

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance."

Therefore, appellant herein could have been convicted only as an accessory before the fact to the delivery of the marijuana, just as the appellant in *Simione* could have been

convicted only of selling the marijuana. Here, as in *Simione,* no collaboration or association between appellant and the persons who delivered the marijuana was shown. The only person for whom appellant could be construed to have been acting was the buyer, and "one who acts solely as the agent of the buyer cannot be convicted of a 'sale' of an unlawful drug." *Commonwealth v. Simione, supra,* 447 Pa. at 479, 291 A.2d at 767. Appellant herein was not charged with aiding and abetting the buying of marijuana but, in the prosecution's own words, as an accessory to the sale. The Court in *United States v. Moses,* 220 F.2d 166 (3d Cir. 1955) reached the same result on facts almost identical to these. Appellant therein was related to the sale of narcotics only through application of Section 2 of Title 18, United States Code, which provides that one who "aids, abets, counsels, commands, induces or procures" the commission of an offense is a principal. At the buyers' request she had introduced the buyers to the seller and vouched for them. In reversing her conviction, the Court held, as we do here, that "one who has acted without interest in the selling cannot be convicted as a seller even though his conduct may in fact have facilitated [the] illegal sale." *Id.* at 169.

We are satisfied that the record does not contain sufficient evidence to convict appellant beyond a reasonable doubt as an accessory before the fact, and accordingly we reverse his conviction. Because we order the discharge of appellant for insufficient evidence, we need not consider his allegation of entrapment.

The order of the Superior Court and the judgment of sentence of the Court of Common Pleas are reversed and appellant is discharged.

PACKEL, former J., did not participate in the decision of this case.

NIX, J., dissents.