409 A.2d 78

**COMMONWEALTH of Pennsylvania**

v.

**Edward LEATHERBURY, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Aug. 24, 1979.

Petition for Allowance of Appeal Granted Dec. 17, 1979.

Petition for Allowance of Appeal Denied Feb. 4, 1980.

Lynne D. Miller, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before PRICE, SPAETH and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from judgments of sentence imposed on convictions of delivery of a controlled substance and criminal conspiracy. The only question on appeal is whether it was error for the lower court to have denied appellant's motion to suppress the evidence found in a search incident to his arrest.

The facts are as follows. On November 16, 1977, Officers Clifford Ludd and Gary Davis of the Narcotics Unit of the Philadelphia Police Department, on duty in an unmarked car, saw appellant standing outside an apartment house.[1] Davis called out to appellant. Appellant walked over to the car, and Davis asked if he knew someone named Lavell. Appellant said he did not. Ludd asked if he knew where he could get a half, meaning half a bundle of heroin. Appellant responded, "I'll check it out," or words to that effect. Appellant walked toward the apartment house and spoke to Irvin Leatherbury, who was his co-defendant at trial. (The men are brothers, but this was not known to Ludd at the time.) Ludd got out of his car and walked over to the two men. Appellant told him, "This is the man, talk to him." Ludd then arranged to buy heroin from Irvin Leatherbury. However, appellant did not take part in the conversation,

---

1. The officers had never met appellant, nor did they have any reason to suspect him of any criminal activity.

nor could Ludd testify that appellant even heard it. Ludd then went with Irvin Leatherbury to a nearby residence at 762 June Court. Appellant did not go with them. Irvin Leatherbury went inside the residence and emerged with the heroin, and the purchase was completed outside. Ludd and Irvin Leatherbury then returned to the apartment house where the events in question had begun.

Shortly thereafter, Ludd and a back-up squad returned to the June Court address, and knocked on the door. Appellant was within and opened the door. He was arrested, and the two twenty-dollar bills that Ludd had given Irvin Leatherbury (serial numbers recorded) were found in his pocket. Irvin Leatherbury was found and arrested upstairs in the residence shortly afterwards.

Appellant argues that the officers had no probable cause to believe that he had committed any crime, and that therefore the two bills should have been suppressed as the fruit of an unlawful arrest. He relies on *Commonwealth v. Flowers,* 479 Pa. 153, 387 A.2d 1268 (1978), in which the Supreme Court found the evidence insufficient to convict a defendant of being an accessary before the fact to a sale of drugs. The defendant had been approached by a narcotics agent who asked whether he had any drugs in his possession. The defendant said he did not. A few minutes later a third party, Shiner, approached, and the defendant called the agent over and introduced the two, indicating that Shiner had some marijuana. Although the defendant was present during the ensuing sale, he did not participate or profit in any way. The court, rejecting a "but-for" test for criminal liability, found no evidence that the defendant had shared the intent that the crime be committed.

A distinction between *Commonwealth v. Flowers, supra,* and the case at hand, however, is that in *Flowers* the Court was examining the facts in the light of a claim of insufficient evidence, while here the question is one of probable cause to make an arrest. "Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been commit-

ted." *Henry v. United States,* 361 U.S. 98, 102, 80 S.Ct. 168, 171, 4 L.Ed.2d 134 (1959). This test is not as demanding as the test for sufficiency, which is whether the evidence is strong enough to support a finding of guilt beyond a reasonable doubt. Thus, the evidence at trial may be insufficient, but the facts and circumstances known to the arresting officer at the time of the arrest (upon which the lawfulness of the arrest depends, *Commonwealth v. Rush,* 459 Pa. 23, 326 A.2d 340 (1974)) may nevertheless support a finding of probable cause. If at trial the Commonwealth had not proved appellant's possession of the two twenty-dollar bills, it might well be that under *Flowers* the evidence would be held insufficient.[2] Considering, however, not sufficiency but probable cause, we believe Ludd had probable cause to arrest appellant in that he knew enough to warrant a prudent person in believing that appellant intended to help Irvin Leatherbury make a sale of heroin. Ludd knew: that appellant knew he wanted to buy heroin; that appellant introduced him to Irvin Leatherbury as someone who could sell him heroin; and that shortly after the sale, appellant was at the scene of the sale. On the basis of this knowledge it was reasonable for Ludd to infer that appellant had probably helped, *i. e.,* acted as an accessory to, Irvin Leatherbury with respect to the sale. The arrest of appellant was therefore lawful, and, accordingly, the search was also. *Commonwealth v. Ayers,* 239 Pa.Super. 263, 361 A.2d 405 (1976).[3]

Affirmed.

2. Given the bills, appellant does not challenge the sufficiency of the evidence.

3. The issue of probable cause might be approached from a different direction, *i. e.,* by looking at the buyer rather than the seller of the heroin. The Controlled Substance, Drug, Device & Cosmetic Act, Act of Apr. 14, 1972, P.L. 233, No. 64, § 13, 35 P.S. § 780–113(a)(19), forbids "[t]he intentional purchase . . . by any person of any controlled substance . . . ." Thus it might be said: that Ludd committed a crime in buying the heroin from Irvin Leatherbury; that appellant acted as an accessory to that crime; and that Ludd, knowing these facts, had probable cause to arrest appellant. This analysis, however, would raise several questions. The charges

against appellant were not based on Ludd's purchase of the heroin but on Irvin Leatherbury's sale. Does this suggest that in arresting appellant, Ludd was thinking not of his purchase but of Leatherbury's sale? If it does, does Ludd's attitude matter, *i. e.,* may a court hold an arrest legal on a basis perceived by the court but not by the arresting officer? Also, was Ludd in fact committing a crime in making the purchase? Did the Legislature intend its prohibition of "purchase . . . by any person" to extend to an undercover narcotics agent? If not, and if, therefore, Ludd was not committing a crime, can it be said that appellant, in assisting him with his purchase, was guilty as an accessory? There is language in *Commonwealth v. Flowers, supra,* and in *Commonwealth v. Simione,* 447 Pa. 473, 291 A.2d 764 (1972) (where the court held, under similar facts, that the "middleman" in the transaction could not be found guilty of the sale itself) that indicates that the Supreme Court thought a charge focusing on the "middleman's" connection with the buyer would be appropriate. Given our conclusion that Ludd had probable cause to arrest appellant for the sale of heroin, we find it unnecessary to answer these questions and simply note them against the time when a case arises in which it will be necessary to answer them.