## John Wallard *et al.*

*v.*

## John Worthman.

1. Trespass—*payment of a debt an extinguishment of bill of sale given as security.* Where a bill of sale of personal property, though absolute on its face, is given only as security for the payment of a debt, it loses all validity upon the payment of the debt, and the holder will be a trespasser if he attempts to take the property therein described from the possession of the party executing the bill of sale, after the payment of the debt secured thereby.

2. Same—*liability of volunteers.* In such case, parties who were mere volunteers, aiding in the commission of the trespass, can not allege ignorance of the fact that the bill of sale was given only as security, but must stand, if at all, upon the justification of their principal.

3. Instructions—*as to matters not in issue—mixed questions of law and fact.* It is not error to refuse an instruction which submits to the jury a mixed question of law and fact, or that relates to a matter not in issue, and about which there is no evidence.

Appeal from the Circuit Court of Ford county; the Hon. Thomas F. Tipton, Judge, presiding.

Messrs. Gray & Swan, for the appellants.

Messrs. Pollock & Sample, for the appellee.

Mr. Justice Dickey delivered the opinion of the Court:

This was an action of trespass by appellee against appellants, wherein judgment was rendered for plaintiff for $603.50.

Wallard, one of appellants (who seems by the witnesses in some cases to be called Waller and in some cases Weller), held a note against Worthman, dated January 7, 1875, for $310, payable January 7, 1876, with ten per cent interest, and Worthman gave to Waller, on the 21st of September, 1875, a bill of sale of four horses, two wagons, one dray, two plows, one corn cultivator, one reaper, one corn planter, four cows, twenty-one hogs, twenty pigs, 1500 bushels of corn, which was duly acknowledged and recorded. This bill of sale, though absolute on

its face, was given merely to secure the payment of the note for $310, and interest.

The proof shows, that sometime about March, 1876, the appellants came to Worthman's residence and took away four horses, one wagon, one harrow, one cultivator, five hogs, and harness. The action was for this taking. Defendant justifies the taking under the bill of sale.

The plaintiff claimed, that in February, 1876, Waller came to Worthman's house, and that it was there agreed between them that Waller would and should take and accept, in full payment of the note in question, the corn mentioned in the bill of sale, and that, in pursuance of that agreement, Waller had taken actual possession of the corn in question, and had appropriated part of it to his own use.

The evidence on this proposition of full payment of the note, and as to the value of the property taken, was contradictory. After a careful examination of the evidence, we think the finding is in accord with the weight of the evidence.

It is insisted by appellants, that, inasmuch as the bill of sale was absolute on its face, and as Wallsmith and Miller were ignorant of the fact that it was given only as a security, and were ignorant of the fact of payment, they can not be charged as trespassers. This is not tenable. The bill of sale being given as a mere security, lost all validity on the payment of the debt. They were mere volunteers to assist Wallard, and must stand, if at all, upon his justification.

The ruling of the court in allowing the witness Draper to testify to what Worthman said to the witness in the absence of the adverse parties, we think was erroneous; but, after a careful examination of the whole case, we are convinced that the testimony in question could not have affected the finding.

The law of the case was fully and fairly given in the instructions.

As to the refused instructions: The first was calculated to mislead the jury, by submitting to them the question of ownership, which was a mixed question of law and fact; the second related to a matter not in the issue, and about which there

was no evidence; and the third related to a claim not set up by the plaintiff at the trial. Appellants have no just grounds to complain that these instructions were not given. Their refusal could not have done them any harm.

The judgment is affirmed.

*Judgment affirmed.*