55 185
e131 411

---

## HELLYER ET AL. v. BRIGGS

1. **Mortgage**: AS INDEMNITY TO SURETY. A note and mortgage considered, and the latter held to embrace and secure a general liability of the mortgagee as surety for the mortgagor.

*Appeal from Story District Court.*

MONDAY, DECEMBER 13.

THE petition states the plaintiffs executed a mortgage to the defendant which has been fully paid, and the defendant refuses to satisfy same of record, although he has been requested to do so. It is sought to recover the statutory damages in such cases provided.

The defendant denied the allegations of the petition, and

pleaded a counter-claim wherein he sought to foreclose the mortgage.

Trial to the court; judgment for the defendant, and plaintiffs appeal.

*Dyer & Fitchpatrick,* for appellants.

*I. B. McHose* and *J. S. Frazier,* for appellee.

SEEVERS, J.—The plaintiff, Robert Hellyer, was appointed agent of the Singer Sewing Machine Co. for the purpose of selling and otherwise disposing of sewing machines. He executed a bond, on which defendant was his surety, to secure all indebtedness to said company growing out of said agency. In February, 1876, Hellyer was indebted to said company, and he then executed to the defendant a note or written obligation for six hundred and fifty dollars, payable September 26, 1876, with ten per cent interest, and attorney's fees, on which was placed, at the time the obligation was executed, the following:

1. MORTGAGE: as indemnity to surety.

"This note is secured by mortgage. It is given to Mr. Briggs as security that I will within seven months from this date pay to the Singer Manufacturing Company all I owe it to this date. The amount I owe the said company being, by me, estimated at $649.37, he being a surety on my bond as agent for said company, and when I make such payment, be it soon or late, then he is to give up this note and satisfy the mortgage so far as this note is concerned. This endorsement is a part of the written note.

"BOONE, Iowa, 2–26, 1876.

R. HELLYER."

This obligation was secured by the mortgage sought to be foreclosed, and it was conditioned that if the said Hellyer paid the sum of $650 on September 26, 1876, with interest thereon according to the tenor and effect of said obligation or promissory note, the mortgage was to be void.

It is quite evident, we think, that the intent, object and consideration for the execution of the note and mortgage was to secure the defendant to some extent from loss by reason of his having signed the bond to the Singer Company.

The plaintiff claims that it was only for the amount of the note and interest. On the other hand the defendant insists that the intent was to secure the defendant from all liability on said bond. In this we concur. The indorsement on the note, in plain and distinct terms, provides that it was executed for the purpose of securing all the said Hellyer was indebted to said company at the date thereof. All manner of indebtedness is within the terms of the obligation. When such indebtedness was paid, and not until then, was the mortgage satisfied. The amount estimated by Hellyer is immaterial, for that amount and all other indebtedness is within the terms of the instrument. The parol evidence, we think, strengthens this construction. There was no new indebtedness incurred after the execution of the mortgage. That is, Hellyer did not become indebted after that time.

The Singer Company afterward brought an action in the Circuit Court of the United States on the bond, and recovered a judgment thereon against Hellyer and the defendant for upward of two thousand dollars. This is conclusive as to the existence of an indebtedness at the time the mortgage was executed. Said judgment was paid by the defendant, and at his request the same was assigned by the said company to one J. D. Fenne. The latter, however, had no interest therein.

Afterward the defendant caused an execution to issue on said judgment, and the same was levied on certain notes and leases, the property of said Hellyer, which had been taken for machines sold and leased. The same were sold under said levy and purchased by the defendant. On said notes and leases considerable money has been paid defendant, and the court in the decree required that he should account therefor, and also all he should thereafter receive from the same

source, and that the same should be applied. to the satisfaction of the amount defendant paid the Singer Company. The effect of this holding was to reduce the amount which, but for it, would have been due on the mortgage.

We have no occasion to determine whether the assignment of the judgment to Fenne kept it in force so that an execution could be issued thereon and a valid levy and sale of property made thereunder, for the reason the court below ignored the sale and required the defendant to account as though no sale had been made. This is all the plaintiff is entitled to in this action, and the defendant has not appealed. It is insisted the defendant should not be allowed for certain taxes he claims to have been compelled to pay on the mortgaged property. This objection is based on the thought that there was nothing due on the mortgage. As we have found otherwise it follows the point is not well taken.

It is further claimed that the counter-claim, as pleaded, is not based on the mortgage and does not ask a foreclosure thereof. We, however, think, in the absence of a motion for a more specific statement or demurrer, that the counter-claim is sufficiently pleaded. Code, §§ 2649, 2650.

AFFIRMED.