SHORES, Appellant, vs. DOHERTY, Respondent.

*January 13—February 2, 1886.*

CHATTEL MORTGAGES: DEBTOR AND CREDITOR. *(1) Fraud: Burden of proof. (2) Future advances: Continuing security: Payment.*

1. Under sec. 2319, R. S., if the mortgagee of chattels shows that the mortgage was given for an actual indebtedness, and the amount thereof, the burden of showing that it was given with intent to hinder, delay, or defraud creditors is upon the party attacking the mortgage.
2. The condition of a chattel mortgage was the payment of $2,000, according to the conditions of a certain bond. The bond was in the penal sum of $2,000, conditioned for the payment of all advances which might be made under a certain contract, at the times, in the manner, and with the interest agreed upon. *Held,* that the mortgage was a continuing security for all unpaid advances, and that repayment of advances to the amount of $2,000 did not amount to payment or satisfaction of the mortgage.

APPEAL from the Circuit Court for *Ashland* County.

The facts will sufficiently appear from the opinion. The plaintiff appealed from the judgment entered upon a verdict in favor of the defendant.

The cause was submitted for the appellant on the brief of *Knight & Hayes,* and for the respondent on that of *Miles & Gleason.*

For the respondent it was contended, *inter alia,* that the mortgage on its face was to secure a loan of $2,000, and upon payment of that sum it became void. *Truscott v. King,* 6 N. Y. 147; *Mead v. York,* id. 449; *Parks v. Hall,* 2 Pick. 206–211; *Morris v. Tillson,* 81 Ill. 607; *Bank of Utica v. Finch,* 3 Barb. Ch. 293; *S. C.* 49 Am. Dec. 175; *Beardsley v. Tuttle,* 11 Wis. 74; *Hubbell v. Blakeslee,* 8 Hun, 606; Jones on Chat. Mortg. sec. 91. To be valid as security for future advances the nature of the transaction should appear upon the face of the instrument. *Walker v. Snediker,* Hoff. Ch. 145; *Pettibone v. Griswold,* 4 Conn. 158; *S. C.*

10 Am. Dec. 106; *Bramhall v. Flood*, 41 Conn. 68; *Curle's Heirs v. Eddy*, 24 Mo. 117; *S. C.* 66 Am. Dec. 699; *Stein v. Hermann*, 23 Wis. 132; *Butts v. Peacock*, id. 359; *Blakeslee v. Rossman*, 43 id. 116; *Carter v. Rewey*, 62 id. 552; *Rice v. Morner*, 64 id. 599; *Westcott v. Gunn*, 4 Duer, 107; *Townsend v. Stone Co.* 6 id. 217; *McGavock v. Gordon*, 1 Coldw. 265; *Thurman v. Jenkins*, 58 Tenn. 426; *Divver v. McLaughlin*, 2 Wend. 596. The authorities holding that a mortgage need not show on its face that it is intended as security for future advances require that the ultimate amount for which it is to be security be stated. *Truscott v. King*, 6 N. Y. 147; *Divver v. McLaughlin*, 20 Am. Dec. 655, note. That is, the mortgage will secure advances to the extent of the sum stated but no more, and cannot be held as a *continuing* security for any *final* balance which may exist on account of future advances. And if the sum specified be advanced at the time of the execution of the mortgage, or advances be afterwards made up to the amount specified, the mortgage cannot be available as security for any additional indebtedness or advances, although by payments made the advances may be reduced to an amount within the sum specified. And when the sum specified has been repaid the mortgage becomes satisfied and extinguished. *Truscott v. King*, 6 N. Y. 162; Jones on Chat. Mortg. sec. 94.

ORTON, J. This is an action of replevin, brought by the appellant, who claimed the property as the mortgagee of Hay & Stratton, the owners thereof, against the respondent, who took the same as sheriff on an attachment against the goods and chattels of said Hay & Stratton. The defendant alleged in his answer that said mortgage was fraudulent as to the creditors of said Hay & Stratton, and sought to prove that said mortgage had been paid and satisfied. The bond to secure which the mortgage was given was in the penal sum of $2,000, conditioned that the said

Hay & Stratton should pay to the appellant all the advances which may be made to them by him under certain contracts (by which they were bound to get out for him several thousand feet of logs and timber for certain rates per thousand), at the times, in the manner, and with the interest agreed upon, all of said payments to be made on or before June 1, 1884, and should further faithfully and fully perform the said contracts. The condition of the mortgage is that Hay & Stratton should pay, or cause to be paid, to the appellant, the sum of $2,000, according to the condition of said bond. One of the stipulations of said contracts is that Hay & Stratton should satisfy the appellant that all wages due men for work on said logs are paid previous to final settlement and completion of the contracts. The evidence tended to prove that the appellant had already advanced to the said Hay & Stratton on their contracts about $1,600, and afterwards, including that sum, advanced in all about $4,000; and that, before the completion of the contracts, Hay & Stratton abandoned the job, and ran away, leaving certain other parties to complete the same; but before they so absconded they requested the appellant to pay their men who worked on said job what was due them, and the appellant did so pay them the sum of about $1,600; and that all of said advances, except said sum, had been paid by various sums from time to time by the payments due on said contracts.

There was no evidence whatever that said mortgage was fraudulent, and the first question raised on this appeal is whether it was incumbent upon the appellant to prove " that it was a *bona fide* mortgage for a *bona fide* purpose, *and not made with the intent to hinder, delay, or defraud creditors;* " or whether " the burden of such proof was on him," as the circuit court instructed the jury, and which was excepted to by the appellant. This instruction was erroneous. The statute (sec. 2319, R. S.), in such a case,

was not intended to shift the *onus* upon the mortgage claimant of proving that it was not given with intent to hinder, delay, or defraud creditors, and its language is too limited to have such effect. The burden of proof in such a case is on him to show only that the "mortgage was given in good faith, and to secure an actual indebtedness." In several late cases in this court this question has been clearly and pointedly so decided. But probably the attention of the learned judge of the circuit court had not been called to these cases. In *James v. Van Duyn*, 45 Wis. 512, it was held that under the statute the mortgagee was bound to prove only that the mortgage was given for an actual indebtedness, and the amount thereof, and that the burden of showing that it was given with intent to hinder, delay, and defraud creditors is still on the party attacking it. This case has been followed by *Kalk v. Fielding*, 50 Wis. 339; *Semmens v. Walters*, 55 Wis. 675; and *Evans v. Rugee*, 57 Wis. 623.

It may be that the learned counsel of the respondent thought that there was sufficient evidence to show the mortgage fraudulent introduced by the respondent, and that therefore this instruction was immaterial, for they have not mentioned it in their brief. But we have searched in vain to find any evidence that the appellant knew or participated in any fraudulent intent, if there was any on the part of the mortgagors in giving the mortgage.

The main and important question in the case was whether the mortgage had been paid. This question depended upon the nature, construction, and legal effect of the bond and mortgage, and on this subject, somewhat complicated and of considerable importance in respect to such a security, the briefs of the learned counsel on both sides are respectively very able, and evince great research and at least plausible reasoning. The learned counsel of the respondent contends that the mortgage was given to secure $2,000 only of ad-

vances, and when such advances amounted to that sum and were paid the mortgage was satisfied. On the other hand, the learned counsel of the appellant contends that the bond and mortgage were intended to be a continuing security for all advances finally unpaid, to the amount of the penalty of the bond.

It is the contention of the learned counsel of the respondent that the mortgage is good against creditors only for the amount mentioned therein, namely $2,000, to be paid according to the conditions of said bond; and that, not having any reference to advances on contracts, it cannot be affected by such conditions of the bond, and that when, at any time, Hay & Stratton pay $2,000, the mortgage is satisfied, whether the bond is or not. The law is too well settled for argument that when reference is made in the mortgage to a certain bond or note, so that it can be identified, the bond or note becomes a part of the mortgage, and all persons have notice of it as of the mortgage. *Paine v. Benton*, 32 Wis. 491, and numerous cases cited in brief of appellant and in the opinion in that case; Jones on Chat. Mortg. § 86. The condition of the mortgage is not only to pay $2,000, *but according to* the conditions of the bond. The conditions of the bond must therefore be consulted, to ascertain the limitations of the mortgage security. The condition of the bond is "to pay *all* the advances which may be made to them under this agreement at the times, in the manner, and with the interest agreed upon." This language is certainly explicit enough to make the mortgage a continuing security for all unpaid advances. The bond is like the penal official bond of an officer required to keep, pay over, and account for all moneys which come to his hands in whatever amount and at whatever times. Such moneys may be an hundred fold greater than the penalty of the bond, and when all has been paid or accounted for except an amount equal to or within the penalty of the bond,

the sureties, even, are held liable on such bond for such deficit.

The case of *Fisher v. Otis*, 3 Pin. 78, is authority that a mortgage to secure future advances is not only valid, but that the amount named in the note (in that case $15,000) is not the amount absolutely secured to be paid, but the note was valid "for a balance of account and future advances" to the extent of $15,000. The doctrine of such a transaction is fully discussed and laid down in that case. The recent case of *Carter v. Rewey*, 62 Wis. 552, is in point upon both of these questions. In *Brown v. Kiefer*, 71 N. Y. 610, the mortgage was to secure $5,000, payable on demand. It was held to be a continuing security for present and future indebtedness, and good for a balance of $2,000 demanded; and several other and like cases are cited from the New York Reports in the opinion. "If the amount of the advances be defined, or there be a fixed obligation to make them, or the mortgage show upon its face that it was given as a continuing security, it is valid to that amount, not only as between the parties, but also as against creditors." Jones on Chat. Mortg. § 94. In *Hellyer v. Briggs*, 55 Iowa, 185, it was held that the amount stated in the note did not limit the mortgage security when it was given to secure the surety on the bond of the mortgagor, made to secure a sewing-machine company for any indebtedness on account of his agency. In *Douglass v. Reynolds*, 7 Pet. 113, a guaranty given to secure the payment of $8,000 of successive advances was held to secure the same amount at any future times, *toties quoties*, whenever the antecedent transactions were discharged, and that it was a continuing guaranty. Mr. Justice STORY said in the opinion that "every instru-ment of this sort ought to receive a fair and reasonable interpretation, according to the true import of its terms." To the same effect as to mortgages, see *Comm. Bank v. Cunningham*, 24 Pick. 270; *Bank of Utica v. Finch*, 3 Barb. Ch.

Shores vs. Doherty.

293; *Fassett v. Smith*, 23 N. Y. 252; Jones on Chat. Mortg. §§ 95, 96. For other authorities to the same effect, see Digest. The authorities cited by the learned counsel of the respondent are inapplicable.

It is very clear that from the object and purpose of giving the bond and mortgage it was intended to be a continuing security for the last balance of advances on the contracts. The advancements were being paid by the delivery of the timber and logs from time to time, and others were being made to assist Hay & Stratton in completing their contract and paying their men. The security would have been very inadequate, and indeed of little use, if not continuous and to apply to any and all future advances after the preceding ones had been paid. The learned circuit court erroneously charged the jury repeatedly, in different forms of expression, and by different illustrations, to the effect that if $2,000 had been advanced, and that had been paid up, the mortgage was paid and satisfied, and was not good for further advances, or for a final balance unpaid. The jury very properly found a verdict for the defendant, according to these instructions of the court. Under proper instructions on these questions the jury should have, and probably would have, found for the plaintiff a verdict in the action, and found that his interest in the property was $1,605.26, the balance of the advances and interest according to the contracts. This would have been justified, we think, by the evidence and by the law.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.

. See note to this case in 26 N. W. Rep. 577.— REP.