## J. B. RICHARDS *v.* A. VACCARO & CO.

1. FRAUDULENT CONVEYANCE. *Bona fide purchaser. Burden of proof.*
   The burden of proof is on creditors attacking as fraudulent a transfer of their debtor's property, but after proof of his fraud therein, in the absence of evidence that the grantee claiming it is a purchaser for value without notice, they will be entitled to subject the property.

2. PRACTICE. *Refusal of instruction because of repetition.*
   It is not error to refuse an instruction, proper in itself, but which is substantially a repetition of others already obtained by the party.

FROM the circuit court of Madison county.

HON. J. B. CHRISMAN, Judge.

The opinion states the case.

*Smith & Powell*, for appellant.

It was a part of plaintiff's duty to show that the goods were subject to the attachment, and, to do this, he must show that Ward sold in fraud of his creditors, and that Richards bought with a knowledge of such fraud.

The first instruction told the jury that Richards was presumed to have purchased from Ward with a knowledge of his fraud. This is contrary to all law, and the presumption is that Richards bought in good faith.

Plaintiff should be required to show the liability of the property to attachment. To do this it is necessary to show that the sale was fraudulent and void, and that Richards participated in this fraud.

Having failed to show that Richards participated in the fraud, plaintiff must fail. *Butler* v. *Lee*, 54 Miss. 477 ; *Dickman et al.* v. *Williams*, 50 Ib. 500 ; 3 S. & M. 42 ; 1 Ib. 372 ; 7 How. 42. See also *Hirsh* v. *Richardson*, 65 Miss. 228 ; *Tuteur* v. *Chase*, 66 Ib. 476 ; Bigelow on Frauds, 123.

*Downs & Ward*, on the same side.

Section 1774, code 1880, fastens the burden of proof on the plaintiff. This means that plaintiff must show the transaction fraudulent as to the purchaser. The party on whom the burden of proof rests must make out such a case as would entitle him to a verdict if the defendant offered no evidence at all. Richards was not called on to offer any evidence until the plaintiff had in some way fixed the fraud on him or a knowledge of it, or that he was in possession of such facts as would have led to knowledge.

*F. B. Pratt* and *Calhoon & Green*, for appellees.

Sales of personalty are *caveat emptor*, and a purchase for value and without notice is a defense which may relieve from the vendor's fraud. *Thompson* v. *Furr*, 57 Miss. 484 ; *Fulton* v. *Woodman*, 54 Ib. 172 ; *Portwood* v. *Lee*, 41 Ib. 109. The burden is on plaintiff at the commencement, but he has met that burden when he shows the sale fraudulent on the part of the vendor. Then, if the claimant is protected by equities from the effect of such fraud, this is an affirmative defense, and he must show it. *Carter* v. *Allen*, 21 Gratt. 241 ; *Carr* v. *Callahan*, 3 Litt. 365 ; *Hair* v. *Little*, 28 Ala. 236 ; Bailey, Onus Probandi, 303 ; *Williams* v. *Hill*, 19 How. (U. S.) 246 ; *Hoskins* v. *Warren*, 112 Mass. 527.

Argued orally by *R. C. Smith*, for appellant, and *M. Green*, for appellees.

COOPER, J., delivered the opinion of the court.

Vaccaro & Co. sued out an attachment against one Ward, which was levied on certain goods which the plaintiffs claimed had been sold by Ward to Richards for the purpose of defrauding his creditors. Plaintiffs sustained their suit against Ward, and the present controversy is between them and Richards, who interposed a claim

to the property seized. On the trial of the claimant's issue, Ward's fraudulent purpose in making the sale was abundantly shown. The claimant contended that it devolved on the plaintiffs to establish not only the fraud of Ward, but that he (the claimant) was not a *bona fide* purchaser for value, but participated in, or had knowledge of, Ward's fraudulent design. The court rejected this view, and instructed the jury that, " if it believed from the evidence that the sale by Ward was fraudulent on his part, then the burden of proof is on Richards to show to your satisfaction that he purchased the goods for value, and without knowledge of Ward's design." The giving of this instruction is the principal error assigned.

There is conflict in the decisions, and much confusion among the text-writers, on the question involved. The effect of the statute against fraudulent conveyances, as held by one line of decisions, is about this : Conveyances made by a grantor in fraud of his creditors are valid, unless it be shown that the purchaser is not a purchaser for value, and in good faith. Another line of authorities states the effect of the statute to be that conveyances fraudulent on the part of the grantor are invalid at the suit of his creditors, unless it be shown that the purchaser is a purchaser for value, and in good faith. The authorities are uniform in declaring that one who attacks a conveyance as fraudulently made must establish the fraud. The burden of proof is upon him, and he is opposed by the presumption of good faith and legality that attaches in favor of the ordinary transactions of business. The conflict of decisions arises a step beyond, when the inquiry is whether the plaintiff, by proof of the fraud of the grantor, has made a *prima facie* case against the grantee, entitling him to recover, in the absence of any evidence by his adversary. In Massachusetts, New Jersey, Iowa, Wisconsion, Connecticut and Maryland it is held that the plaintiff must not only show fraud on the part of the seller, but participation in or notice of it by the buyer. *Bridge* v. *Eggleston*, 14 Mass. 245 ; *Foster* v. *Hall*, 12 Pick. 89 ; *Insurance Co.* v. *Tooker*, 35 N. J. Eq. 408 ; *Tantum* v. *Green*, 21 Ib. 364 ; *Bank* v. *Northrup*, 22 Ib. 58 ; *Adams* v. *Foley*, 4 Iowa, 44 ; *Fifield* v. *Gaston*, 21

Ib. 218 ; *Mehlhop* v. *Pettibone,* 54 Wis. 652 ; 11 N. W. Rep. 553 ; *Partelo* v. *Harris,* 26 Conn. 480 ; *Cooke* v. *Cooke,* 43 Md. 524. On the other hand, the courts of Pennsylvania, New York, Alabama, Texas, Arkansas and North Carolina hold that, where the fraud of the grantor is established, a *prima facie* case is made by the plaintiff, which must be met by the purchaser by evidence that he is a purchaser in good faith, for value. *Rogers* v. *Hall,* 4 Watts, 359 ; *Clark* v. *Depew,* 25 Pa. St. 509 ; *Lloyd* v. *Lynch,* 28 Ib. 419 ; *Starin* v. *Kelly,* 88 N. Y. 418 ; *Hamilton* v. *Blackwell,* 60 Ala. 545 ; *Gordon* v. *Tweedy,* 71 Ib. 202 ; *Brown* v. *Hedge Co.,* 64 Tex. 396 ; *Miller* v. *Fraley,* 21 Ark. 22 ; *Fullenwider* v. *Roberts,* 4 Dev. & B. 278 ; *Worthy* v. *Cadwell,* 76 N. C. 82.

We concur in the views announced by those courts which hold that proof of fraud on the part of the grantor is sufficient to entitle his creditors to subject the property fraudulently assigned, in the absence of evidence showing the claimant to be a purchaser for value and in good faith. We fail to perceive why, in cases of this character, the party assailing the conveyance shall be required to assume the burden of showing participation in the fraud by the purchaser, and the non-payment of value for the property fraudulently conveyed.

The decisions holding it to be the duty of the creditor to establish not only the fraud of the seller, but that of the purchaser, seem to rest upon an undue extension of the rule that fraud is never to be presumed but must always be proved by the party alleging it to exist. This rule is so well established as to have become one of the maxims of the law; but it is not true that, where a transaction has been shown to be fraudulent on the part of one of the actors, it is incumbent upon a party claiming or defending against it to show the fraud of the other actor claiming under it. Good faith and legality are presumed to exist in reference to the ordinary business transactions of life, and the burden is upon him who asserts the contrary; but it is otherwise when the transaction is itself unfair, or is *prima facie* shown to be illegal. Whart. Ev., §§ 366, 1248 ; Bigelow, Frauds, 130, 132. Mr. Bigelow, while denying that the

defense of purchase for value is new matter in avoidance, concedes that the plaintiff proving the fraud of the seller makes a *prima facie* case. He says: "A scrutiny, however, of the situation, in such a case, will show that the defense of purchase for value is not new matter in avoidance. The defendant, being a purchaser from one having the legal title, . . . has himself acquired that title. The plaintiff can then only have an equitable title, and, to prevail, he must overcome the former; and this whether he sues at law or in equity. In other words, he must show that the purchaser's title is bad. This he undertakes to do by showing that the vendor's title was obtained from him [the plaintiff] by the vendor's fraud; and this is sufficient. But how does it become so? The answer is that in law it shows presumptive notice to the defendant. The defendant is presumed, *prima facie*, to be privy to his grantor's fraud. This presumption the defendant must now meet, but just as he would meet any other fact alleged and testified to, or presumptively shown, by the plaintiff. The defense is still negative, *i. e.,* denial. Hence the burden of proof is still upon the plaintiff." " But it may still be thought necessary to inquire whether the plaintiff himself has really sustained the burden of proof, so as to require the defendant to come to the support of his defense by merely showing fraud. It may be asked if the plaintiff ought not to go further, and, though he has made a case of fraud in the grantor, offer some definite evidence of notice, or what, for the present purpose, is the same thing—that the conveyance to the defendant was voluntary. The answer of the authorities, though not without here and there a discordant note, is that evidence of the fraud is enough, and this whether the case be one of fraud on creditors or fraud on a vendor. Such is the better answer in those states in which, in cases of fraud upon creditors, notice to the purchaser is sufficient to defeat his title."

There are two classes of suits at law so nearly analogous to suits by creditors to subject property fraudulently conveyed that it is difficult to draw a distinction between them sufficient to warrant the application of different rules of procedure. These are suits by one whose property has been secured by the fraud of the vendee,

and who sues to recover it from another claiming under the fraudulent vendee, and suits by an indorsee of a bill or note against the maker, who defends upon the ground that the instrument was secured by the fraud of the payee.   In these cases it has been uniformly held that proof of the fraud of the vendee of the property, or payee of the note, imposes upon the party claiming under him the duty of showing that he is a.purchaser for value, and in good faith.   *Bailey* v. *Bidwell*, 13 Mees. & W. 73 ; *Fitch* v. *Jones*, 32 Eng. Law & Eq. 134 ; *Paton* v. *Coit*, 5 Mich. 505 ; *Clark* v. *Pease*, 41 N. H. 414 ; Bigelow, Fraud, 132 ; *Spira* v. *Hornthall*, 77 Ala. 137 ; *Easter* v. *Allen*, 8 Allen, 7 ; *Morgan* v. *Morse*, 13 Gray, 150 ; *Haskins* v. *Warren*, 115 Mass. 514.   Proof that the purchaser bought for value, the price paid being adequate, is generally held, in the absence of other evidence showing notice of the fraud, to raise the presumption of good faith.   *Starin* v. *Kelly*, 88 N. Y. 418 ; *Shores* v. *Doherty*, 65 Wis. 153, 26 N. W. Rep. 577 ; *Spira* v. *Hornthall, supra.*

In view of the very full instructions secured by the claimant in this case, we deem it unnecessary to consider whether the first instruction for the plaintiffs is technically accurate, in announcing the proposition that proof of the fraud of the seller shifted the burden of proof to the claimant, or whether, as contended by Mr. Bigelow, the instruction should have been that such proof made a *prima facie* case for the plaintiffs, which it was incumbent upon the claimant to meet by the production of evidence sufficient to restore the equilibrium.   The distinction is technical, and it is manifest that in this case it was not influential in producing the result reached.

This disposes of the errors assigned, except the action of the court in refusing the second instruction asked by the claimant. The substance of this instruction is but a repetition of the matters distinctly specified in the other instruction given for the claimant, and under such circumstances its refusal cannot be ground of error.

*The judgment is affirmed.*