## A. E. & E. W. OTT v. SMITH BROS. & CO.

CLAIMANT'S ISSUE.   *Evidence.   Judgment in attachment.*
> On the trial of a claimant's issue, it is error to instruct that the judgment against the defendant sustaining the attachment is *prima facie* evidence against the claimant, and places upon him the burden of showing that he is a *bona fide* purchaser of the goods attached.   As against the claimant, such judgment is not evidence of the facts on which it rests.

FROM the circuit court of Amite county.

By agreement of parties, D. C. BRAMLETT, ESQ., a member of the bar, presided as special judge on the trial of this case.

The opinion states the case.   In the court below plaintiffs in attachment recovered judgment, from which this appeal is prosecuted by the claimants.

*Price & Sternberger*, for appellants.

It was error to instruct the jury that the judgment sustaining the attachment against the defendant was *prima facie* evidence that the sale to claimants was fraudulent, and placed the burden of proof upon them to show that their purchase was in good faith.. This is not the law.   *Richards* v. *Vaccaro*, 67 Miss. 516, is no. authority for the proposition.

*H. Cassedy*, on the same side.

Giving the instruction that the judgment sustaining the attachment was *prima facie* evidence against the claimants and imposed upon them the burden of proof, is such manifest error that it is. hardly necessary to do more than call the attention of the court to. it.   The claimants were not parties to the judgment, and could not be affected by it.

*E. H. Ratcliff*, for appellees.

The instruction complained of by appellants is fully warranted by the decision in *Richards* v. *Vaccaro*, 67 Miss. 516.   The attachment was sued out on the ground, among others, that the defendants had disposed of their property with intent to defraud their creditors.   Judgment was rendered sustaining the attachment,. and this established the fraud of the grantors.   This being done,

it devolved upon the claimants as purchasers from the defendants to show that they had bought in good faith and for value. In any event, the correct result was reached.

COOPER, J., delivered the opinion of the court.

Appellees sued out an attachment against Porter & Webb, upon the following grounds :—

1. That they had property or rights in action which they concealed and refused to apply to the payment of their debts. 2. That they had assigned or disposed of, or were about to assign and dispose of, their property or rights in action, or some part thereof, with intent to defraud their creditors. 3. That they had converted, or were about to convert, their property into money or evidences of debt with intent to place it beyond the reach of their creditors. 4. That they had fraudulently contracted the debt sued for.

The attachment was levied upon certain goods which appellants claimed to have bought from the defendants in attachment.

Judgment by default against the defendants in attachment was recovered, and upon the trial of the claimant's issue this judgment in attachment was introduced in evidence. At the instance of the plaintiffs, the court charged the jury, that this judgment was *prima facie* evidence that the sale to the claimants of the goods attached was fraudulent and devolved upon them the burden of showing that they were purchasers in good faith for value.

This was error. The attachment, for aught that appears in the record, may have been rightly sued out upon the ground that the defendants therein had fradulently contracted the debt sued for, or because they had property which they concealed and unjustly refused to apply to the payment of their debts. We have been referred to no authority supporting the instruction in any view which may be taken of it. Certainly there is nothing in the case of *Richards* v. *Vaccaro*, 67 Miss. 516, which warranted the present instruction. In that case the fraud of the seller *in the particular* sale under which the claimant claimed *was abundantly* shown by competent testimony, and under these circumstances we held that it devolved upon the claimant to establish his own good faith and

payment of the purchase price, which, being shown, would protect his title notwithstanding the fraud of the seller. We have not held that the judgment against the defendant is evidence, as against the claimant, of the *facts* on which it rests.

*The judgment is reversed.*