## Canute R. Matson, for Use, etc., v. William Ripley et al.

1. OWNERSHIP—*A Legal Conclusion from Facts Shown.*—Ownership is not a fact, but is a legal conclusion to be drawn by the court from facts to be found by the jury, and a jury should not be left to determine what facts are necessary to constitute ownership.

2. QUESTIONS OF LAW—*Should Not be Submitted to the Jury.*—Where the conclusion is one of law from facts to be found, the jury are to find the facts and the court to state the conclusion, or the law, and to submit mixed questions of law and fact to the jury is error.

Debt, on a replevin bond. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed May 6, 1897.

HOYNE, FOLLANSBEE & O'CONNOR, attorneys for appellants.

R. L. TATHAM, attorney for appellees.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was an action of debt instituted by the appellant upon a replevin bond given to the appellant, as sheriff, etc., by the appellees, and a recovery of only nominal damages being had, this appeal has followed.

One of the appellees, Durgin, was surety on the bond, and we will therefore speak only of Ripley & Son as being the appellees.

Ripley & Son were lumber dealers in Chicago, and bought of Hibbard & Company, lumber manufacturers at Masonville, Michigan, a large quantity of pine and cedar logs, etc., for which bills of sale were executed and delivered, which recited that an aggregate of $21,000 had been paid as part payment by Ripley & Son. Such bills of sale were dated in the months of March and April, 1889, and described the property as lying in three certain rivers, " and being marked on the end with the letter H."

Matson v. Ripley.

We presume, although we do not find it to be so expressly stated, that the logs were to be manufactured into lumber by Hibbard & Company.   Whether the vessel load of lumber that was the subject of the replevin suit was cut from such logs, was one of the principal questions in the case.

It appears that during the season more or less lumber was delivered by Hibbard & Company to vessels sent for it by Ripley & Son, and that in October the schooner Dunham was sent by Ripley & Son for another load.

The water at Masonville being shallow, the lumber was required to be taken out from Hibbard & Company's docks to the schooner by a scow.

The lumber in question had been brought out on a scow that lay alongside the schooner, and some ten or fifteen thousand feet of it loaded, when it was replevied by one Mason, who claimed it for stumpage.   His claim was settled by Hibbard & Company, and the replevin writ released, and the loading proceeded.

On a day following, when all the lumber was either on the schooner or on the scow alongside, an attachment writ at the suit of Oliver, one of the parties for whose use the sheriff has sued in this case, against Hibbard & Company, was levied upon it.

Oliver was not to be easily settled with, and before the schooner was permitted to proceed with her load, Hibbard & Company gave to him a bill of sale of all the lumber, consisting of 100,000 feet, for an expressed consideration of $900, and the master of the schooner receipted for it to him for delivery to Kellogg, Ducey & McAuley, of Chicago, at a specified rate of freight.   The schooner then set sail for Chicago, and upon arrival here the lumber was replevied by Ripley & Son, as being their property.   This last replevin suit was, a year afterward, dismissed on the motion of Ripley & Son, and the suit at bar was brought by the sheriff for the use of Kellogg, Ducey & McAuley and the said Oliver, upon the replevin bond.

Had the jury been properly instructed we would proceed

to discuss the law applicable to the facts we have stated, and some other facts in the case that were material to the issue, but as the case must be tried over, under proper instructions to the jury, we consider that we should refrain from expressing our opinion upon the facts now before us, and the law applicable thereto.

The main question at the trial was, were Ripley & Son entitled to the possession of the lumber at the time their replevin suit was begun? That was a mixed question of law and fact. It is always for the court alone to declare what the law is as applicable to the facts of a case, which only are to be found by the jury.

At the instance of the appellees the court instructed the jury as follows:

"(2.) The jury are instructed that if they find from the evidence that at the time of the commencement of the replevin suit referred to in this case, to wit, October 21, 1889, William R. Ripley and Bradford W. Ripley, two of the defendants in this suit, were the owners of the lumber then on board the vessel William H. Dunham, and replevied by them in said proceeding, then the jury should find for the plaintiffs in this case, and assess the plaintiffs' damages at the sum of one cent, and no more, said plaintiffs under such circumstances being only entitled to nominal damages."

Ownership is not a fact, but is a legal conclusion to be drawn by the court from facts to be found by the jury. The jury should not have been left to determine what facts were necessary to constitute ownership, as was clearly done by the instruction, and thus leave to them the determination of a question of law.

"Where the conclusion is one of law, from facts to be found, the jury are to find the facts and the court to state the conclusion, or the law, and to submit mixed questions of law and fact to the jury is error." Charles v. Lesher, 20 Ill. App. 36; Mitchell v. Town of Fond du Lac, 61 Ill. 174.

The third of appellees' instructions points out three different states of fact by which, if found, the ownership and right of possession would, as matter of law, have been ac-

quired to the lumber by appellees, and has a slight tendency to cure the' error of the quoted instruction, but we are wholly unable to say that either state of fact so indicated was found by the jury. It is quite as likely that the jury drew their conclusion of ownership from a set of facts not material to the issue, as the instruction permitted them to do. We can not, therefore, regard that instruction as curing the vice of the quoted one.

There are defects, although perhaps not vital, in some other of appellees' instructions, but they may easily be seen and obviated at another trial, and we will not take space to comment upon them.

With considerable regret that it is necessary to impose another trial of the case upon the parties for an error that could have been easily avoided, we reverse the judgment and remand the cause for the error pointed out.