D. V. WRIGHT v. J. C. VOORHEES, and WM. BOSLEY, Appellants.

**Chattel mortgages:** FUTURE ADVANCES: TERMINATION OF LIEN. A chattel mortgage may be made to secure a future indebtedness within the contemplation of the parties at that time, but when such indebtedness is paid the mortgage is ordinarily extinguished by operation of law; and while the form of such indebtedness may be changed it cannot by agreement be made to cover an entirely new obligation, unless possibly the agreement amounts to a new mortgage in parol.

**Future acquired property.** A chattel mortgage covering "future acquisitions to the above described property" is insufficient in description to include property thereafter acquired by the mortgagor.

*Appeal from Cass District Court.* —HON. A. B. THORNELL, Judge.

SATURDAY, JULY 14, 1906.

ACTION to recover possession of two horses held by defendant Voorhees under a chattel mortgage given by plaintiff to said defendant to secure payment of "one note for $42.94, dated December 26, 1896, due September 1, 1897, and one note for $100.00 dated December 30, 1896, due December 30, 1897, together with any further advances made or indebtedness owing by said mortgagor to said mortgagee including all renewals thereof until this mortgage is cancelled, all of which is secured hereby." It is substantially clear that the $100 note was itself intended to cover advances to be made after the execution of the mortgage, and that the amounts covered by these two notes were subsequently paid; but defendants claim that other advances were subsequently made to the extent of $60.42, for which judgment was recovered by defendant Voorhees against the plaintiff. On trial

to a jury a verdict was returned in favor of the plaintiff fixing the value of the horses at $250 and plaintiff's damages at $8, and judgment on such verdict was against defendants, from which judgment defendants appeal. Affirmed.

Ralph A. Ruth, C. A. Meredith, and Parrish & Dowell, for appellants.

Bruce & Zeigler, for appellee.

McCLAIN, C. J.— The errors assigned relate to the giving of instructions and the overruling of various grounds of a motion in arrest of judgment and for judgment notwithstanding the verdict. But, as the errors argued relate to the theory on which the case was submitted to the jury, they may be discussed without setting out specifically the instructions objected to or the grounds of the motion.

The theory of the trial court was that when the notes specified in the mortgage, one of which it is conceded was to cover advances to be made, were fully paid and discharged 1. CHATTEL MORT- the mortgage was cancelled and could not GAGES: future advances: ter- be relied upon by defendants as security mination of lien. for subsequent advances made. We think it is clear that a mortgage may be made to secure future advances which are in contemplation of the parties at the time of the making of the mortgage, and that when the indebtedness to be secured, including the advances contemplated, has been fully satisfied and discharged then the mortgage is cancelled and extinguished by operation of law. *Wallard v. Worthman*, 84 Ill. 446; *Loggie v. Chandler*, 95 Me. 220 (49 Atl. 1059); *Shiver v. Johnston*, 62 Ala. 37; *House v. Fultz*, 13 Smedes & M. (Miss.) 39. Such a mortgage cannot, by subsequent arrangement between the parties, be made to cover other advances not in contemplation at the time the mortgage was made unless, perhaps, such agreement amounts to a new mortgage in parol,

which is not contended for in this case. *Marcus v. Robinson,* 76 Ala. 550; *Sims v. Mead,* 29 Kan. 124; *Moran v. Gardemeyer,* 82 Cal. 96 (23 Pac. 6). It is true that a chattel mortgage continues security for the indebtedness intended to be secured although the form of the indebtedness may be changed. *Sloan v. Rice,* 41 Iowa, 465; *Packard v. Kingman,* 11 Iowa, 219. But there is no proof in this case that the indebtedness on which the subsequent judgment in favor of defendant Voorhees against the plaintiff was rendered included any of the items of indebtedness intended to be covered by the mortgage.

The contention for appellant is that the mortgage should be construed as security for any advances so long as it remains uncancelled; that is, until there was some formal act 2. FUTURE AC- of concellation. But we think the intention QUIRED PROP- ERTY. evidenced by the language used was that it was to remain in force so long as the indebtedness of plaintiff to defendant Voorhees continued, and that on the full discharge of the indebtedness evidenced by the notes executed, and future advances contemplated at that time, it should be extinguished. To give the language any other construction would convert the instrument into a mere blanket mortgage, not only uncertain as to the property covered, but also as to the indebtedness secured. No objection is made in this case upon the ground that by the terms of the instrument itself it was to cover future " acquisitions to the above-described property," and that the two horses which plaintiff seeks to recover are not animals described in the instrument, nor the progeny of any animals described. But to give the instrument a construction which would make it cover all future acquisitions of property, and all future indebtedness, regardless of the contemplation of the parties at the time that the instrument was executed that any such indebtedness should be incurred, would seem to be wholly without authority. The cases authorizing the inclusion of after-acquired property and future advances will all be found to come far short of a gen-

eral inclusion of everything the mortgagor may subsequently own and every indebtedness to the mortgagee which he may subsequently incur. By way of illustration see *Fidelity & Deposit Co. v. Sturtevant Co.* (Miss.) (38 South. 783); *Everman v. Robb,* 52 Miss. 653 (24 Am. Rep. 682); *Cayce v. Stovall,* 50 Miss. 400; *Deeley v. Dwight,* 132 N. Y. 59 (30 N. E. 258, 18 L. R. A. 298); *Shores v. Doherty,* 65 Wis. 153 (26 N. W. 577); *Gray v. Helm,* 60 Miss. 131; *Paxton v. Meyer,* 58 Miss. 445; *Moore v. Terry,* 66 Ark, 393 (50 S. W. 998); *Martin v. Halbrooks,* 55 Ark. 569 (18 S. W. 1046); *Fort v. Black,* 50 Ark. 256 (7 S. W. 131.)

The foregoing suggestions are applicable also to the complaint as to an instruction that the future indebtedness referred to in the instrument did not include indebtedness created after the notes and advances referred to had been fully paid and extinguished. Certainly, under the authorities already cited, a mortgage to security future indebtedness should not be construed to cover indebtedness not in the contemplation of the parties at the time the instrument was executed and having no reference to the subject-matter referred to in the instrument. What has been said has direct bearing in this case only on the correctness of the view taken by the trial court that when all existing indebtedness between the parties had been fully satisfied, and there remained no further occasion to make future advances or contract for future indebtedness in connection with the subject-matter of the mortgage, it ceased to be of any validity. We are satisfied that this view of the court was correct.

The cases relied on for appellant are not in point as against the view here expressed. In *Hellyer v. Briggs,* 55 Iowa, 185, the mortgage was given to secure a general liability of the mortgagee as surety for the mortgagor under a bond, and was held to cover all the indebtedness of the mortgagor secured by such bond. In *McDaniels v. Calvin,* 16 Vt. 300 (42 Am. Dec. 512), the mortgage was to secure a note and book account, and it was held to cover

future indebtedness on book account; but the account thus held to be secured was one commencing prior to the extinguishment of the mortgage and running thereafter as an open current account.   In the case before us successive accounts between defendant Voorhees and the plaintiff had been settled by the giving of notes secured by other mortgages than the one here involved, and the judgment which appellant claims as covered by the mortgage in suit was incurred after these successive accounts had been thus fully settled. Looking at the whole transaction in the light of the conduct of the parties, it is clear that there was no intention that the instrument should continue for all time to cover any indebtedness arising out of wholly new accounts which defendants should subsequently open with plaintiff.

Many specific objections are made to the instructions, but they are all disposed of by what has already been said. The trial court adopted, as we think, a correct construction of the instrument, and the judgment is *affirmed.*